IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM M. McGINNIS, ) | |
| ) | |
| Plaintiff, ) | 8:04CV509 |
| v. ) | |
| ) | |
| UNION PACIFIC RAILROAD, ) | |
| ) | MEMORANDUM AND ORDER |
| Defendant. ) | |
| ) | |

This matter is before the court on a number of motions filed by the parties in this case. Defendant employed plaintiff as a train dispatcher in its Harriman Dispatching Center (HDC). Plaintiff has filed this lawsuit alleging that defendant discriminated against him on the basis of sex, age, and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII); the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq (ADEA) and the Nebraska Age Discrimination Act, Neb. Rev Stat. § 48-1001 et seq (NDEA)[1]; the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101, et seq. (NFEPA[2]); and the common law. Plaintiff also contends that defendant violated the New York Dock Conditions as defendant violated the "Interstate Commerce Commission's Order" in violation of 49 U.S.C. § 11705.

**Filing No. 108, Motion to Amend the Record**

Plaintiff requests permission to amend the record by including an affidavit and certain deposition testimony. The defendant opposes this motion, arguing that it is not

---

[1]Nebraska courts look to the federal courts when analyzing age discrimination cases. *Billingsley v. BFM Liquor Management, Inc.*, 645 N.W.2d 791, 801 (Neb. 2002).

[2]The Eighth Circuit uses the same analysis in Title VII and in NFEPA. *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002).

1

filed in compliance with the local rules and in any event is not admissible evidence. The court has reviewed the request and determines that it should be granted. For purposes of this motion, the court will permit the plaintiff to amend the record. However, the court will review the evidence and consider that which is appropriate in relation to the summary judgment motion.

**Filing No. 110, Motion to Withdraw**

Plaintiff requests permission to withdraw a document and to substitute Exhibit 22. The court has reviewed this request and determines it should be granted.

**Filing No. 78, Motion for Summary Judgment**[3]

From approximately June of 1998 through November of 2002, plaintiff received write-ups for six rules violations. After the fifth such violation, defendant transferred plaintiff to a position with less responsibility, and after the sixth violation, he received apprentice training. Defendant contends that it discharged plaintiff for these repeated rule violations and asserts that plaintiff was an unsafe train dispatcher and a risk to the public safety. Defendant moves for summary judgment as set forth hereinafter.

**Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.

---

[3]Defendant also filed a motion in limine regarding introduction of certain evidence at trial. Filing No. 116. Because the court finds the motion for summary judgment should be granted, the court need not rule on the motion in limine, and it will be denied as moot.

Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, which can be done by pointing to the lack of evidence to support an essential element of the nonmoving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). Once the moving party has met its burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When viewing the evidence, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The trial court's "function at the summary judgment stage is not to weigh the evidence, but to determine whether there is a genuine issue for trial." *Rayes v. Eggars*, 838 F. Supp. 1372, 1377 (D. Neb. 1993) *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The Eighth Circuit has recognized that primarily legal issues are amenable to summary disposition. *See, e.g.*, *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995); *Mumford v. Godfried*, 52 F.3d 756, 759 (8th Cir. 1995); and *Crain v. Board of Police Comm'r*, 920 F.2d 1402, 1405-06 (8th Cir. 1990). Therefore, because some of the issues presented here for resolution are essentially legal in nature, they are subject to summary disposition.

In cases alleging employment discrimination, however, summary judgment is often an inappropriate remedy since discrimination is difficult to prove by direct evidence. "Summary judgments should be sparingly used and then only in those rare instances where there is no dispute of fact and where there exists only one conclusion. All the evidence must point one way and be susceptible of no reasonable inferences sustaining

3

the position of the non-moving party." *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir. 1991).

Defendant contends that the plaintiff has failed to state a cause of action under the provisions of Title VII, because he cannot establish any evidence of an intent to discriminate on the part of the defendant under the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[4]  A prima facie case of discrimination requires the plaintiff to establish that he 1) is a member of a protected class; 2) was qualified to perform his job; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated people. *See Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000) (*citing Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999)).  If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993).  If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

**Discussion**

    **1. Sex**

Plaintiff contends that Dennis Faircloth, who served as a senior manager of train

---

[4]The court concludes after reviewing the record that there is no evidence of intentional discrimination as to any of plaintiff's claims.  Thus, the court will apply the *McDonnell Douglas* test to all three claims of discrimination.

4

dispatchers, gave Lori Buseman, and possibly others, favorable treatment in exchange for sexual favors which included discharging plaintiff and replacing his position with Buseman. Sexual favoritism is generally not sufficient to state a claim for sex discrimination. *Tenge v. Phillips Modern Ag. Co.,* 446 F.3d 903, 909 (8th Cir. 2006)*; Riggs v. County of Banner*, 159 F. Supp.2d 1158, 1164 (D. Neb. 2001). For the purposes of this motion, the court will assume that the claim of sexual favoritism by Faircloth is true. However, Faircloth was not a decision maker and none of the females allegedly receiving the sexual favoritism replaced the plaintiff. He did not have the direct authority or responsibility for disciplining or discharging train dispatchers. In fact, defendant filled plaintiff's job based on a seniority system where senior employees bid for the position. Faircloth could not have fired the plaintiff and hired any females for plaintiff's position.

Even if this claim were sufficient to find a cause of action for sex discrimination, the court finds that plaintiff cannot establish three of the four elements of his prima facie case. First, he is a male alleging gender discrimination. While not impossible to prove, he must adduce sufficient facts of discrimination as it is the "unusual employer who discriminates against the majority." *Duffy v. Wolle*, 123 F.3d 1026, 1036 (8th Cir. 1997) (citation omitted). In addition, Greg Sands, a male, permanently replaced the plaintiff, and a subsequent replacement was male. Further, the evidence shows plaintiff received a number of rule violations which would cause him to not be qualified for his job. Plaintiff has presented insufficient evidence to support a prima facie case, and for these reasons, the court finds the plaintiff cannot show discrimination on the basis of sex.

However, even if the court found that plaintiff set forth a prima facie case, defendant contends that it discharged plaintiff solely for the numerous safety violations. Plaintiff has

5

failed to offer any additional evidence that defendant intentionally discriminated on the basis of sex. Accordingly, the defendant has articulated a nondiscriminatory reason for the discharge which plaintiff has failed to rebut. The plaintiff has offered absolutely no evidence of pretext. Plaintiff must offer evidence of sexual discrimination. He has failed to do so. Therefore, the court finds that the claim of sex discrimination must be dismissed.

### 2. Age

The ADEA prohibits discrimination on account of age against anyone in the protected age group. 29 U.S.C. §§ 623(a)(1), 631(a). The ADEA states in part that "it shall be an unlawful employment practice for an employer [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To establish a claim under the ADEA, the plaintiff must show the defendant intentionally discriminated against him because of his age. *Ziegler v. Beverly Enterprises-Minnesota, Inc.,* 133 F.3d 671, 675 (8th Cir. 1998).

The plaintiff's claim relies on indirect or circumstantial evidence. Without direct evidence, ADEA claims are analyzed under the burden-shifting framework of *McDonnell Douglas v. Green,* 411 U.S. 792 (1973). *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 614 (8th Cir. 2003) (*citing Mayer v. Nextel West Corp.*, 318 F.3d 803, 806-07 (8th Cir. 2003); *Dammen v. UniMed Medical Center*, 236 F.3d 978, 980 (8th Cir. 2001) (citations omitted). Under this framework, the plaintiff must first establish a prima facie case of age discrimination, then the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action, and the burden then shifts back to the plaintiff to show that the defendant's proffered reasons are

6

pretextual. *Id*. *See also Allen v. City of Pocahontas, Ark.*, 340 F.3d 551, 557 (8th Cir. 2003). The burden of persuasion remains with the plaintiff throughout. *Yates v. Rexton, Inc.,* 267 F.3d 793, 799 (8th Cir. 2001).

To withstand a motion for summary judgment, the plaintiff must first establish a prima facie case. *Girten v. McRentals, Inc.*, 337 F.3d 979, 981 (8th Cir. 2003). To establish a prima facie case, the plaintiff must show: (1) he is age forty or older; (2) he met the applicable job qualifications; (3) he was discharged; and (4) age was the factor in the defendant's decision to terminate him. *Id*. *See also Taylor v. QHG of Springdale, Inc.*, 218 F.3d 898, 899-900 (8th Cir. 2000).

At the time of termination, plaintiff was 49 years of age. With regard to the third prong, the court has already determined that the numerous safety violations are sufficient to show that plaintiff did not meet the qualifications for his job. Additionally, upon termination, defendant replaced plaintiff's two positions with a 46 year old and with a 53 year old. The females who allegedly exchanged sexual favors were in fact younger than plaintiff. However, defendant did not replace plaintiff with a substantially younger person for either position, and in fact the employee placed in the second position was older than plaintiff. Plaintiff offers no specific evidence of other discrimination on the basis of age to support his allegations. Accordingly, the court finds plaintiff has not established a prima facie case of age discrimination, that the defendant in any event has articulated nondiscriminatory reasons for the discharge, and that plaintiff has failed to offer any evidence of pretext.

**3. Religion**

Plaintiff claims defendant subjected him to religious harassment. Title VII likewise prohibits discrimination on the basis of religion. The same burden shifting analysis applies to a religious harassment allegation. *See Palesch v. Missouri Comm'n on Human Rts.*, 233 F.3d 560, 566 (8th Cir. 2000) (sets forth prima facie case for harassment). First, the court notes that plaintiff did not even address this claim in his brief, and thus it appears he has conceded this claim. However, the court finds the claim lacks merit in any event.

The defendant admits that one of its employees, Steve Gust, told two off-color jokes. Sporadic or isolated incidents typically do not amount to discrimination. *Al-Zubaidy v. TEK Indust., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005). Plaintiff must show that the work environment is permeated with discrimination. *Cruzan v. Spec.Sch. Dist. #1*, 294 F.3d 981, 984 (8th Cir. 2002). Both of the jokes were gender related and do not appear to be religious in nature. They were made by someone other than plaintiff's supervisor, and plaintiff did not report the alleged harassment to Union Pacific. It is plaintiff's duty to report such behavior. *Chesewall v. Rand & Son Const. Co.*, 415 F.3d 847, 851 (8th Cir. 2005). There is no evidence at all that religious discrimination occurred or that there existed a hostile religious environment. Accordingly, the court finds plaintiff has failed to establish his prima facie case of religious discrimination, that the defendant in any event has articulated nondiscriminatory reasons for the discharge, and that plaintiff has failed to offer any evidence of pretext.

**New York Dock Conditions**

Plaintiff argues that he is a "displaced employee", and if true, plaintiff argues he would be entitled to workplace protection for a period of six years after the merger of Union

Pacific and Southern Pacific Railroad. Defendant claims this court does not have subject matter jurisdiction of this claim, contending that the claim must be arbitrated under the New York Dock Conditions, Article 1, Section 11. *Hagerman v. United Transp. Union*, 281 F.3d 1189, 1195 (10th Cir. 2002). In 1996 the government approved the merger of Union Pacific and Southern Pacific Railroad. This agreement provided some employees with job protection. The Eighth Circuit has stated:

> The New York Dock conditions provide essentially that any employee furloughed as a result of a merger or similar transaction must be paid, generally for six years, the equivalent of the wage earned at the time of the adverse action, unless he or she chooses instead to take a one-time payment of up to one year's pay (valued at approximately $38,000 per employee in this case); that issues pertaining to seniority and contract rights between the employees of the two merged railroads must be resolved by an implementing agreement with the consolidated railroad's unions; that existing collective bargaining agreements must be preserved; and that mandatory and binding arbitration be used to resolve "any dispute or controversy with respect to the interpretation, application or enforcement of any provision" of the New York Dock conditions.

*Inter'l Assoc. of Machinists and Aerospace Workers v. Soo Line Railroad Co.*, 850 F.2d 368, 371 (8th Cir. 1988). Defendant argues that this requirement does not apply if you are discharged for rules violations. The court agrees. This document was intended to cover employment issues related to the merger. The issue currently before the court is not merger-related. The court believes that the New York Dock Conditions do not apply to plaintiff's termination. However, in the alternative, if in fact plaintiff is trying to enforce the New York Dock Conditions, the arbitration provision is applicable and this court does not have jurisdiction. *Soo Line*, 850 F.2d at 371; *Hoffman v. Missouri Pacific Railroad*, 806 F.2d 800, 801 (8th Cir. 1986) (arbitration is mandatory).

THEREFORE, IT IS ORDERED THAT:

9

1. Plaintiff's motion to amend, Filing No. 108, is granted;

2. Plaintiff's motion to withdraw, Filing No. 110, is granted;

3. Defendant's motion in limine, Filing No. 116, is denied as moot; and

4. Defendant's motion for summary judgment, Filing No. 78, is granted. A separate judgment in favor of the defendant will be entered in conjunction with this memorandum and order.

DATED this 29th day of August, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge